Susan S.Q. Kalra (CA State Bar No. 16740)
RAMEY LLP
Email: skalra@rameyfirm.com
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: (800) 993-7499
Fax: (832) 900-4941

Southern California Office:
811 Wilshire Blvd., 17th Floor
Los Angeles, CA 90017
Telephone: (800) 993-7499
Fax: (832) 900-4941

*Attorneys for Plaintiff*
WYOMING INTELLECTUAL
PROPERTY HOLDINGS, LLC

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WYOMING INTELLECTUAL PROPERTY HOLDINGS LLC, a Wyoming limited liability company, <br><br> Plaintiff <br><br> v. <br><br> BLAST MOTION, INC., a California corporation. <br><br> Defendant. | Case No.: **'23CV1489 H    WVG** <br><br> **PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **(35 U.S.C. § 271)** <br><br> **JURY TRIAL DEMANDED** |

Wyoming Intellectual Property Holdings, LLC ("Wyoming") files this First Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent 9,384,671 ("the '671 patent") (referred to as the "Patent-

in-Suit") by Blast Motion, Inc. ("Blast").

## I. THE PARTIES

1. Plaintiff Wyoming Intellectual Property Holdings, LLC., is a Wyoming LLC with its principal place of business located in Cheyenne, Wyoming.

2. On information and belief, Blast is a corporation existing under the laws of the State of California, with a regular and established place of business located at 5803 Newton Dr., Ste D, Carlsbad, CA 92008. On information and belief, Blast sells and offers to sell products and services throughout California, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in California and this judicial district. Blast may be served through its registered agent, Jason Sorenson, 1780 La Costa Meadows Dr., Ste 101, San Marcos, California 92078, or anywhere they may be found.

## II. JURISDICTION AND VENUE

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of California and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of California and in this judicial district; and (iii) Plaintiff's cause

of action arises directly from Defendant's business contacts and other activities in the State of California and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in California and this District.

**III.    INFRINGEMENT - Infringement of the '671 Patent**

6. On July 5, 2016, U.S. Patent No. 9,384,671 ("the '671 patent", included as Attachment A) entitled "Instruction Production" was duly and legally issued by the U.S. Patent and Trademark Office. Wyoming owns the '671 patent by assignment.

7. The '671 patent relates to a system to identify an action of a user as compared to the standard action.

8. Blast maintains, operates, and administers a system to analyze a user's action, a golf swing, and then compare the user's action to a standard action that infringes one or more claims of the '671 patent, including one or more of claims 1 - 20, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '671 Patent into service (i.e., used them); but for Defendant's actions, the claimed-

inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9. Support for the allegations of infringement may be found in the preliminary table attached as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

10. Blast has and continues to induce infringement. Blast has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., organizing unstructured data sets by priority) such as to cause infringement of one or more of claims 1 – 20 of the '671 patent, literally or under the doctrine of equivalents. Moreover, Blast has known of the '671 patent and the technology underlying it from at least the filing date of the lawsuit.[1] For clarity, direct infringement is previously alleged in this complaint.

11. Blast has and continues to contributorily infringe. Blast has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., organizing unstructured data sets by priority) and related services such as to cause

---

[1] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

infringement of one or more of claims 1 – 20 of the '671 patent, literally or under the doctrine of equivalents. Further, there are no substantial noninfringing uses for Defendant's products and services. Moreover, Blast has known of the '671 patent and the technology underlying it from at least the filing date of the lawsuit.[2] For clarity, direct infringement is previously alleged in this complaint.

12. Blast has caused and will continue to cause Wyoming damage by direct and indirect infringement of (including inducing infringement of) the claims of the '671 patent.

## IV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.  enter judgment that Defendant has infringed the claims of the '671 patent;

b.  award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patent-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.  award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d.  declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

---

[2] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

e. declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g. award Plaintiff such other and further relief as this Court deems just and proper.

Dated: August 14, 2023            Respectfully submitted,

                                  RAMEY LLP

                                  /s/ Susan S.Q. Kalra
                                  Susan S.Q. Kalra (CA State Bar No. 16740)
                                  Email: skalra@rameyfirm.com
                                  5020 Montrose Blvd., Suite 800
                                  Houston, Texas 77006
                                  Telephone: (800) 993-7499
                                  Fax: (832) 900-4941

                                  *Attorneys for Plaintiff*
                                  *WYOMING INTELLECTUAL*
                                  *PROPERTY HOLDINGS LLC*

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on issues so triable by right.

Dated: August 14, 2023   Respectfully submitted,

**RAMEY LLP**

/s/ Susan S.Q. Kalra
Susan S.Q. Kalra (CA State Bar No. 16740)
Email: skalra@rameyfirm.com
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: (800) 993-7499
Fax: (832) 900-4941


*Attorneys for Plaintiff*
*WYOMING INTELLECTUAL*
*PROPERTY HOLDINGS, LLC*